IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JOHN JP DOE,

                Plaintiff,

    v.

WESTERN AMERICA PROVINCE
OF THE CAPUCHIN FRANCISCAN
FRIARS, ROMAN CATHOLIC BISHOP
OF THE DIOCESE OF BAKER, INC., and
OUR LADY OF ANGELS CATHOLIC
CHURCH OF HERMISTON, INC.,

                Defendants.

No. 2:14-cv-01428-HZ

OPINION & ORDER

Anthony Michael De Marco
LAW OFFICE OF ANTHONY M. DE MARCO
234 E. Colorado Blvd., 8th Floor
Pasadena, CA 91101

Kristian S. Roggendorf
ROGGENDORF LAW LLC
5200 Meadows Rd., Suite 150
Lake Oswego, OR 97035

        Attorneys for Plaintiff

1- OPINION & ORDER

Anna M. Helton
Thomas V. Dulcich
SCHWABE WILLIAMSON & WYATT, PC
1211 SW Fifth Ave., Suite 1800
Portland, OR 97204

Paul E. Gaspari
WEINTRAUB TOBIN CHEDIAK COLEMAN
GRODIN LAW CORPORATION
475 Sansome Street, Suite 1800
San Francisco, CA 94111

       Attorneys for Defendant Western America
       Province of the Capuchin Franciscan Friars

Ryan C. Kaiser
Gregory P. Lynch
MILLER NASH GRAHAM & DUNN LLP
1567 SW Chandler Ave., Suite 204
Bend, OR 97702

       Attorneys for Defendants Roman Catholic
       Bishop of the Diocese of Baker, Inc., and
       Our Lady of Angels Catholic Church of
       Hermiston, Inc.

HERNÁNDEZ, District Judge:

       Plaintiff John JP Doe[1] alleges that, when he was a child, he was sexually abused by Friar Luis Jaramillo, a Catholic priest. Plaintiff brings claims of sexual battery of a child and intentional infliction of emotional distress, under a theory of *respondeat superior*, against Defendants Western America Province of the Capuchin Franciscan Friars ("Order[2]"), Roman Catholic Bishop of the Diocese of Baker, Inc. ("Diocese"), and Our Lady of Angels Catholic

---

[1] "Plaintiff is proceeding under a pseudonym pursuant to the accepted practices of the federal courts of the United States, allowing those who have been victims of sexual assault and/or who fear reprisals from the particular litigation to commence cases under assumed names[.]" First Am. Compl. ¶ 11.

[2] The parties refer to Defendant Western America Province of the Capuchin Franciscan Friars as "Order," "Friars," and "Capuchin Friars," interchangeably. In accordance with the First Amended Complaint, the Court refers to this defendant as "Order." See FAC ¶ 12.

2- OPINION & ORDER

Church of Hermiston, Inc. ("Our Lady of Angels"), (collectively, "Defendants"). Plaintiff also brings a third claim, alleging Defendants' direct liability for negligence.

Defendants move to dismiss or strike portions of Plaintiff's negligence claim. The Court held oral argument on Defendants' motions on August 7, 2015. For the reasons that follow, Defendants' motions are granted in part and denied in part.

## BACKGROUND

Plaintiff alleges that he was sexually abused by Fr. Jaramillo in the fall of 1988 and winter of 1989, in Hermiston, Oregon. First Am. Compl. ("FAC") ¶ 2. Plaintiff was between nine and ten years old. Id.

Fr. Jaramillo was a Roman Catholic priest and member of the Capuchin Franciscan Order, assigned to the Western America Province of the Capuchin Franciscan Friars. Id. at ¶ 15. Fr. Jaramillo was an associate pastor at Our Lady of Angels, which Plaintiff and his family attended. Id. at ¶¶ 2, 3. Plaintiff alleges that Order sent Fr. Jaramillo to Hermiston from Los Angeles, California, after two accusations of abuse surfaced in Los Angeles. Id. Upon learning of Plaintiff's complaint against Fr. Jaramillo, the "Provincial"—or chief executive—of Order transferred Fr. Jaramillo to New Mexico and, later, out of the country. Id. at ¶¶ 6, 10.

Plaintiff alleges that Defendants discouraged Plaintiff and his family from reporting the abuse, failed to provide the family with any assistance, and failed to investigate Fr. Jaramillo's contacts with other youth. Id. at ¶ 5. In addition, Plaintiff alleges that Defendants failed to warn Plaintiff about reasonably foreseeable dangers in forming a relationship with Fr. Jaramillo and that "Defendants' failure to warn and/or protect Plaintiff caused or were substantial contributing factors in his abuse." Id. at ¶¶ 33, 37. Finally, Plaintiff alleges that the Diocese "engaged in a

pattern of shielding and employing priests known to it to be pedophiles, thereby recklessly endangering children in its care." Id. at ¶ 36.

Plaintiff demands non-economic and economic damages from all Defendants, as well as punitive damages from Defendant Order. Additional facts, as relevant, are discussed below.

## STANDARDS

### I.    Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Am. Family Ass'n, Inc. v. City & Cnty. of S.F., 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. See Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (internal quotation marks, citation, and alterations omitted). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

4- OPINION & ORDER

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct[.]" Id. at 679.

## II.     Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court may strike a pleading—or any portion thereof—that is "redundant, immaterial, impertinent, or scandalous." The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). It is within the court's discretion whether to grant a motion to strike. Federal Sav. & Loan Ins. Corp. v. Gemini Mgmt., 921 F.2d 241, 244 (9th Cir. 1990).

Motions to strike are disfavored and are infrequently granted. Broughton Lumber Co. v. BNSF Ry. Co., No. 09-1110-KI, 2010 WL 348362, at *1 (D. Or. Jan. 26, 2010) (citing Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty., Ltd., 647 F.2d 200, 201 n. 1 (D.C. Cir. 1981) (per curiam); see also Allen v. County of Monterey, No. C 06-7293-RMW, 2007 WL 1771521, *9 (N.D. Cal. 2007) ("Rule 12(f) motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation. Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike.").

# DISCUSSION

Defendant Order brings motions to dismiss or, alternatively, to strike portions of Plaintiff's complaint. Defendants Diocese and Our Lady of Angels move to join Order's motions and, additionally, move to strike portions of the complaint.

## I.     Defendant Order's Motions to Dismiss or Strike

The portions of Plaintiff's complaint at issue in Order's motions can be grouped into three categories: (1) paragraphs 5, 6, 9, and 10 describe Defendants' conduct after Plaintiff alleged sexual battery by Fr. Jaramillo (the alleged cover-up and suppression of Plaintiff's complaints); (2) portions of paragraphs 37, 38, and 39(g) allege Defendants' knowledge of the danger of sexual abuse of children by priests, as well as Defendants' failure to protect Plaintiff and other parishioners or provide warnings about the danger; and (3) paragraph 8 alleges the non-creation or destruction of documentation of Fr. Jaramillo's abuse of boys in Los Angeles.

### a.    Plaintiff's allegations of Defendants' post-abuse conduct in paragraphs 5, 6, 9, and 10 could be relevant to Plaintiff's claim for punitive damages.

Order moves to dismiss[3] portions of the First Amended Complaint which allege that Defendants were negligent in taking (or not taking) certain actions after Plaintiff's alleged abuse by Fr. Jaramillo had ended. Specifically, Order moves to dismiss paragraphs 5, 6, 9, and 10. Order argues that because the alleged conduct took place after the abuse, it necessarily could not have caused the abuse nor caused Plaintiff's damages resulting from the abuse.

Plaintiff acknowledges that the First Amended Complaint states that Plaintiff suffered damages "as a result of Fr. Jaramillo's sexual abuse, molestation, breach of authority, trust and

---

[3] Order moves, alternatively, to strike paragraphs 5, 6, 9, and 10. However, striking these paragraphs is not the appropriate remedy when their defect is that they fail to state a negligence claim. See Whittlestone Inc. v. Handi–Craft Co., 618 F.3d 970, 976 (9th Cir. 2010) ("Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim for [relief] on the basis it is precluded as a matter of law.").

position as priest and authority figure to Plaintiff." FAC ¶¶ 22, 23 (emphasis added). Plaintiff concedes that he does not allege that Defendants' conduct after the sexual battery caused any injury to Plaintiff. <u>See</u> Pl.'s Resp. to Def. Friars' Mot. 7 ("[A] cause of action for negligence from Defendants' post-abuse investigation activity has not been spelled out thus far as well as it could be" and "Defendants' argument [in their motion to dismiss or strike] has a basis in logic."). Plaintiff's counsel made similar concessions at oral argument. <u>See</u> Transcript of Proceedings, August 7, 2015, ECF 64 at 13, 17.

Nevertheless, the parties agreed at oral argument that the allegations in paragraphs 5, 6, 9, and 10 could be relevant to the consideration of a punitive damages award and that it would be premature for the Court to consider whether the allegations are admissible for that purpose. <u>Id.</u> at 10, 12. Accordingly, the Court denies Order's motion to dismiss paragraphs 5, 6, 9, and 10.

### b. Plaintiff's allegations of negligence in paragraphs 37, 38, and 39(g), related to knowledge of the danger posed by priests in general, are time-barred.

Order argues that portions of paragraphs 37, 38, and 39(g), which include allegations that Defendants were negligent in failing to warn or protect Plaintiff from the danger of sexual abuse generally presented by priests, are barred by the statute of limitations. The Court agrees.

"In the wake of concerns about delayed reporting of child abuse, Oregon, like a number of states, adopted a special statute of limitations for abuse victims. Under the Oregon statute, an action must be commenced before the person reaches age 40 or within five years of discovery of the causal connection between the abuse and the injury." <u>Bonneau v. Centennial Sch. Dist. No. 28J</u>, 666 F.3d 577, 578-79 (9th Cir. 2012) (citing Or. Rev. Stat. § 12.117(1)).

Oregon law provides an extended statute of limitations for actions "based on conduct that constitutes child abuse or conduct knowingly allowing, permitting, or encouraging child abuse[.]" ORS 12.117(1). "Child abuse" is defined, in part, as:

7- OPINION & ORDER

> (a) Intentional conduct by an adult that results in:
> > (A) Any physical injury to a child; or
> > (B) Any mental injury to a child which results in observable and substantial impairment of the child's mental or psychological ability to function caused by cruelty to the child, with due regard to the culture of the child[.]

ORS 12.117(2).

The Oregon Court of Appeals has explained that ORS 12.117 applies to negligence claims, but only [to] those involving 'knowingly allowing, permitting, or encouraging child abuse.'" Lourim v. Swensen [ ("Lourim I") ], 147 Or. App. 425, 439, 936 P.2d 1011 (1997). The Lourim I court further specified that "actual as opposed to constructive knowing conduct" is required for the extended limitations period to apply. Id. at 444.

In Lourim I, the plaintiff alleged that:

> The Boy Scouts and the Cascade Pacific Council carried a duty to Lourim, as a minor boy being served by the mission of the Boy Scouts and the Cascade Pacific Council, to exercise reasonable care in the selection, training, assignment, supervision and retention of its volunteer troop leaders, including Swensen, lest minor boys such as Lourim, be sexually molested, abused, and assaulted by troop leaders, including Swensen.

Id. at 429-30. The court held that such allegation was not sufficient to find that the Boy Scouts and Cascade Pacific Council had "actual knowledge" that their troop leader, Swensen, was abusing children in his care. Id. at 444. The court noted that there was no allegation that the defendants knew that Swensen was a risk to children or was actually abusing children. Therefore, the complaint lacked any allegation of fact from which the Court could reasonably infer that the defendants "knowingly allowed, permitted or encouraged child abuse." Similarly in Sapp v. The Roman Catholic Archbishop of Portland in Oregon, No. CV 08-68-PK, 2008 WL 1849915, at *13 (D. Or. Apr. 22, 2008), the plaintiff's allegation that the Archbishop knew of the Friar's predilection for sexual abuse did not constitute actual knowledge that Plaintiff was being subjected to abuse.

8- OPINION & ORDER

As in Lourim and Sapp, the extended statute of limitations from ORS 12.117 only applies to allegations that Defendants had actual knowledge of Fr. Jaramillo's conduct. Therefore, to the extent that portions of Plaintiff's allegations in paragraphs 37, 38, and 39(g) relate only to the dangers of priests in general, allegations of Defendants' negligence are barred by the statute of limitations.

Furthermore, Plaintiff's allegations regarding the dangers of priests in general are not relevant to the consideration of punitive damages. As the Supreme Court has explained,

> A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages. A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business. Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis[.]

State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 422-23 (2003).

Accordingly, the Court dismisses the portions of paragraphs 37, 38, and 39(g) identified by Order in its Motion to Dismiss. See Def. Order's Mot. Dismiss 10, ECF 42.

### c. Plaintiff's allegation in paragraph 8 regarding the destruction or non-creation of records may be relevant to Plaintiff's claim for punitive damages.

In paragraph 8 of the complaint, Plaintiff alleges that records of complaints against Fr. Jaramillo in Los Angeles were either destroyed or intentionally never created. Order moves to dismiss this allegation, arguing that the destruction of or failure to create records is not "child abuse," nor is it conduct that "knowingly allow[s], permit[s] or encourage[s] child abuse," as required for the extended statute of limitations of ORS 12.117 to apply. Plaintiff does not respond to this argument. The Court agrees with Order. However, as with paragraphs 5, 6, 9, and 10, this allegation could be relevant to Plaintiff's punitive damages claim. Therefore, the Court denies Order's motion to dismiss paragraph 8.

**II.     Defendants Diocese's and Our Lady of Angels' Motion to Strike**

Diocese and Our Lady of Angels move to strike statements in paragraphs 36, 37, 38, and 39(g) regarding Defendants' knowledge and failure to act regarding the danger of sexual abuse of children posed by priests within the Order, Diocese, and Our Lady of Angels. Diocese and Our Lady of Angels argue that Plaintiff's statements are immaterial and impertinent to Plaintiff's claims, and that the only purpose for including these allegations is to embarrass and scandalize Defendants. As explained above, this Court dismisses the allegations of the danger posed by priests other than Fr. Jaramillo in paragraphs 37, 38, and 39(g) because they are barred by the statute of limitations.

Paragraph 36 alleges that Diocese "engaged in a pattern of shielding and employing priests known to it to be pedophiles, thereby recklessly endangering children in its care." FAC ¶ 36. Plaintiff provides five examples of priests who allegedly were accepted into or retained in service as priests in the Diocese, despite the knowledge that each had been accused of child molestation. Id. One of the priests cited by Plaintiff confessed in writing in 1959 to sexually abusing a boy. Id. at ¶ 36(e). Another priest was removed in 2002 under the National Conference of Catholic Bishops protocol for dealing with priests credibly accused of child molestation, after reports in 1975, 1976, and 1984 that the priest was making sexual advances on boys in his parish. Id. at 36(d). The other three priests were all rumored or reported to have abused children, but there is no allegation that the Diocese confirmed these reports, obtained a confession from the priests, or otherwise knew that the reports were substantiated. See id. at ¶ 36(a)-(c).

Plaintiff argues that the allegations regarding sexual abuse by priests, other than Fr. Jaramillo, are relevant to Plaintiff's claim that Defendants were negligent in failing to warn about a known risk of priests using their positions to abuse children in the Church in the mid-

10- OPINION & ORDER

1980s. Plaintiff argues that the allegations are used to illustrate that Defendants had knowledge that there was a "non-trivial chance of a child being molested within the Church." Pl.'s Resp. Diocese Mot. Strike 6.

However, as already discussed, unless Plaintiff's allegations contain facts from which the Court could reasonably infer that Defendants "knowingly allowed, permitted, or encouraged child abuse," Plaintiff's allegations are barred by the statute of limitations. Even assuming that the allegations regarding other priests are true, they do not constitute actual knowledge that Plaintiff was being subjected to abuse by Fr. Jaramillo.

Given that the allegations regarding other priests in paragraph 36, 37, 38, and 39(g) cannot form the basis for a timely claim, their only effect is to be scandalous and embarrass Defendants. Rule 12(f) protects parties from the improper use of judicial filings to broadcast scandalous or defamatory material. In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 433 (9th Cir. 2011) (explaining that "allegations that a priest has sexually abused children are most assuredly 'scandalous'"). The allegations are not material or pertinent to the present case. Accordingly, the portions of paragraphs 36, 37, 38, and 39(g) identified by Defendants Diocese and Our Lady of Angels in their Motion to Strike are stricken from the First Amended Complaint. See Defs.' Mot. Strike 25, ECF 48.

### III.  Leave to Amend

Plaintiff requests leave to amend the complaint. Plaintiff "requests the right to replead with greater specificity the claim for negligence based on the post-abuse conduct of the Friars and the Diocese." Pl.'s Resp. Order's Mot. 2. Pursuant to Federal Rule of Civil Procedure 15, the Court should "freely give leave [to amend] when justice so requires." Accordingly, the Court grants Plaintiff leave to amend his complaint.

11- OPINION & ORDER

## CONCLUSION

Order's motion to dismiss [42] paragraphs 5, 6, 8, 9, and 10 is denied. The Court grants Order's motion to dismiss portions of paragraphs 37, 38, and 39(g), to the extent they allege a failure to warn or protect Plaintiff from priests other than Fr. Jaramillo. The Court grants Diocese's and Our Lady of Angels' motion to strike [48].

Plaintiff is granted leave to amend. If Plaintiff chooses to amend his complaint, he must do so within 10 days of the date below. If and when an Answer is filed, the parties are directed to contact the Courtroom Deputy within ten days of that filing in order to set a scheduling conference.

IT IS SO ORDERED.

Dated this  17th  day of  September, 2015.

_/s/ Marco Hernández_
MARCO A. HERNÁNDEZ
United States District Judge

12- OPINION & ORDER