IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN JP DOE,

        Plaintiff,

   v.

WESTERN AMERICA PROVINCE
OF THE CAPUCHIN FRANCISCAN
FRIARS, ROMAN CATHOLIC BISHOP
OF THE DIOCESE OF BAKER, INC., and
OUR LADY OF ANGELS CATHOLIC
CHURCH OF HERMISTON, INC.,

        Defendants.

No. 2:14-cv-01428-HZ

OPINION & ORDER

Anthony Michael De Marco
LAW OFFICE OF ANTHONY M. DE MARCO
234 E. Colorado Blvd., 8th Floor
Pasadena, CA 91101

Kristian S. Roggendorf
ROGGENDORF LAW LLC
5200 Meadows Rd., Suite 150
Lake Oswego, OR 97035

    Attorneys for Plaintiff

1- OPINION & ORDER

Anna M. Helton
Thomas V. Dulcich
SCHWABE WILLIAMSON & WYATT, PC
1211 SW Fifth Ave., Suite 1800
Portland, OR 97204

Paul E. Gaspari
WEINTRAUB TOBIN CHEDIAK COLEMAN
GRODIN LAW CORPORATION
475 Sansome Street, Suite 1800
San Francisco, CA 94111

>    Attorneys for Defendant Western America
>    Province of the Capuchin Franciscan Friars

Ryan C. Kaiser
Gregory P. Lynch
MILLER NASH GRAHAM & DUNN LLP
1567 SW Chandler Ave., Suite 204
Bend, OR 97702

>    Attorneys for Defendants Roman Catholic
>    Bishop of the Diocese of Baker, Inc., and
>    Our Lady of Angels Catholic Church of
>    Hermiston, Inc.

HERNÁNDEZ, District Judge:

This is Defendants' second motion to dismiss a portion of Plaintiff's claims regarding alleged sexual abuse by a Catholic priest. After this Court's September 17, 2015 Opinion & Order regarding Defendants' first motions to dismiss or strike portions of Plaintiff's complaint, Plaintiff submitted a Second Amended Complaint in which he brings claims of sexual battery of a child and intentional infliction of emotional distress against Defendants, under a theory of *respondeat superior*, as well as a negligence claim. Second Am. Compl. (SAC) ¶¶ 24-47, ECF 69. Defendants move to dismiss Plaintiff's third claim for relief: "Intentional Infliction of Emotional Distress/Respondeat Superior (Post-Abuse Conduct)." Because Plaintiff's claim is time-barred, the Court grants Defendants' motion.

2- OPINION & ORDER

## BACKGROUND

Plaintiff John JP Doe[1] alleges that, when he was nine and ten years old, he was sexually abused by Friar Luis Jaramillo, a Catholic priest. SAC ¶ 2. Fr. Jaramillo was a member of the Capuchin Franciscan Order, assigned to the Western America Province of the Capuchin Franciscan Friars ("the Order"). Id. at ¶ 15. Fr. Jaramillo was an associate pastor at Our Lady of Angels Catholic Church of Hermiston, Inc. ("Our Lady of Angels"), which Plaintiff and his family attended. Id. at ¶¶ 2, 3.

Plaintiff alleges that he disclosed some of the sexual abuse to his mother in the winter of 1989. Id. at ¶ 4. According to Plaintiff, his mother immediately complained to the church. Id. Within a day of the complaint, a supervisor from the Order called Plaintiff's mother and interviewed Plaintiff. Id. Plaintiff disclosed to the priest supervisor some of the sexual abuse. Id. Plaintiff further alleges that Fr. Jaramillo admitted some of the abuse to the supervisor. Id. at ¶ 5.

Plaintiff alleges that, soon after the call with the supervisor, the "Provincial"—or chief executive—of the Order met with Plaintiff's mother. Id. at ¶ 5. The Provincial "actively discouraged Plaintiff's mother from making any further complaints, including discouraging her from reporting Fr. Jaramillo to the police." Id. Furthermore, the Provincial did not tell Plaintiff's mother about Fr. Jaramillo's admission.

## STANDARDS

### I. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Am.

---

[1] "Plaintiff is proceeding under a pseudonym pursuant to the accepted practices of the federal courts of the United States, allowing those who have been victims of sexual assault and/or who fear reprisals from the particular litigation to commence cases under assumed names[.]" SAC ¶ 11.

Family Ass'n, Inc. v. City & Cnty. of S.F., 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. See Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (internal quotation marks, citation, and alterations omitted). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct[.]" Id. at 679.

///

## DISCUSSION

Defendants[2] move to dismiss Plaintiff's claim for intentional infliction of emotional distress caused by "post-abuse conduct" because it is time-barred. Alternatively, Defendants argue that Plaintiff fails to allege the required elements of "intent" and "severe emotional distress." Because the Court agrees that Plaintiff's claim is time-barred, the Court declines to reach Defendants' alternative argument.

Plaintiff's third claim for relief alleges that Defendants' prevention of further disclosure of the alleged sexual abuse caused mental injury to Plaintiff. SAC ¶ 35. Plaintiff alleges that, after Plaintiff's mother reported the sexual abuse to the church, one or more of the Defendants took the following actions:

- Convinced Plaintiff's mother not to report the abuse to the police;

- Found a "sympathetic social worker" to whom they could report the abuse without facing further scrutiny or disclosing Plaintiff's identity, in order to ensure there was no law enforcement investigation of the allegations;

- Promised to help Plaintiff and his mother but failed to do so; and

- Threatened Plaintiff's mother "with both physical and spiritual harms to prevent the reporting of Jaramillo to authorities."

Id. at ¶¶ 33-36. Plaintiff alleges that "as a direct result of Defendants' actions, Plaintiff was isolated, he minimized his abuse psychologically, refused to disclose or suppressed his abuse later in counseling, and thereby suffered additional emotional damages[.]" Id. at ¶ 35.

The parties agree that Plaintiff's claim is time-barred unless the conduct alleged falls within ORS 12.117, which provides for an extended statute of limitations for actions "based on

---

[2] Defendant Order filed a motion to dismiss Plaintiff's third claim on October 13, 2015. Order Mot. Dismiss, ECF 72. On November 16, 2015, Defendants Our Lady of Angeles and the Diocese moved to join the Order's motion. Mot. to Join, ECF 78. The Court granted to motion to join on November 30, 2015. Order, Nov. 30, 2015, ECF 81.

5- OPINION & ORDER

conduct that constitutes child abuse or conduct knowingly allowing, permitting, or encouraging child abuse[.]" ORS 12.117(1); see also Bonneau v. Centennial Sch. Dist. No. 28J, 666 F.3d 577, 578-79 (9th Cir. 2012) ("In the wake of concerns about delayed reporting of child abuse, Oregon, like a number of states, adopted a special statute of limitations for abuse victims.). "Child abuse" is defined, in part, as:

> (a) Intentional conduct by an adult that results in:
>   (A) Any physical injury to a child; or
>   (B) Any mental injury to a child which results in observable and substantial impairment of the child's mental or psychological ability to function caused by cruelty to the child, with due regard to the culture of the child[.]

ORS 12.117(2).

In Schmidt v. Mt. Angel Abbey, 347 Or. 389, 393, 223 P.3d 399, 402 (2009), the Oregon Supreme Court analyzed the meaning of "mental injury. . . caused by cruelty to the child," as defined in ORS 12.117(2)(a)(B). In Schmidt, the court found that forcing a teenage seminary student to watch a priest masturbate under his cassock resulted in "mental injury caused by cruelty." The court held that:

> [T]he term "cruelty to [a] child," as used in ORS 12.117(2)(a)(B), most reasonably is interpreted to include (1) acts that are performed with the specific intent of injuring or harming the child and that are capable of producing those results and (2) acts that, by their very nature, demonstrate a willful and wanton disregard for the child's welfare, such that one can infer a willingness to have the child injured.

Id. at 399. The Schmidt court noted the duration of the encounter between the student and the priest (30-45 minutes), the nature of the priest's conduct and its potential for inflicting severe emotional injury, and the nature of the priest and the student's relationship and power dynamic. Id. at 400. The court concluded that "a reasonable trier of fact could find that the conduct described above demonstrates a wanton disregard for plaintiff's welfare and a willingness to have plaintiff suffer psychological harm as a result of [the priest's] acts. Id.

The parties do not cite, and this Court does not find, subsequent cases applying Schmidt to identify other conduct that may constitute "cruelty to a child" in the context of ORS 12.117. Therefore, this Court must determine whether any of the conduct alleged in this claim rises to the level of cruel conduct found to be sufficient in Schmidt.

Plaintiff argues that a reasonable jury could find that "forbidding a mother who did not speak English from going to police to discuss her son's molestation at the hands of a revered Catholic priest" and "manipulating a Latino child into never telling police about his abuse" amounted to actions that "'by their very nature, demonstrate a willful and wanton disregard for the child's welfare.'" Pl.'s Resp. 4, 5 (quoting Schmidt, 347 Or. 389, 399.).

However, unlike Schmidt, in this case all of the conduct alleged to have caused mental injury to Plaintiff occurred outside of Plaintiff's physical presence and was directed towards a third-party, Plaintiff's mother.[3] Therefore, even if Defendants did threaten Plaintiff's mother, Plaintiff did not observe this conduct and would only have been aware of it to the extent his mother told him about her interactions with Defendants. Based on Plaintiff's response to Defendant Order's motion to dismiss, it appears that Plaintiff, in fact, was unaware of the conversations between Defendants and his mother. See Pl.'s Resp. 8 (arguing that the Provincial "secretly convinced" Plaintiff's mother to betray the best interests of her son and she did so "without the knowledge of her son, and maintained that secret for decades.").

This Court fails to see how these private, albeit troubling, conversations between Defendants and Plaintiff's mother amount to actions that "by their very nature, demonstrate a willful and wanton disregard for the child's welfare," such that they caused mental injury to

---

[3] The only allegation in Plaintiff's third claim that may have occurred in his presence is that "Defendants promised Plaintiff and his mother that they would help him." SAC ¶ 34. However, Defendants argue in their motion that none of the alleged conduct occurred in Plaintiff's presence and Plaintiff does not rebut this argument in his Response. Furthermore, even if it did occur in Plaintiff's presence, clearly an offer to help would not constitute "cruelty."

7- OPINION & ORDER

Plaintiff. See Schmidt, 347 Or. 389, 399. As compared to the direct conduct in Schmidt of a priest masturbating in front of a student, the conduct alleged here, which was directed entirely at Plaintiff's mother, is too attenuated from Plaintiff's alleged mental injury for the Court to find that it constitutes "cruelty to the child" as defined in ORS 12.117.

**CONCLUSION**

Defendants' motion to dismiss [72] Plaintiff's third claim for relief is granted. Plaintiff is directed to submit an amended complaint consistent with this Opinion & Order within seven days of the date below. Due to the age of this case, Defendants are directed to respond to Plaintiff's amended complaint within seven days of service of the amended pleading. If and when an Answer is filed, the parties are directed to contact the Courtroom Deputy within five days of that filing in order to set a scheduling conference.

IT IS SO ORDERED.

Dated this ____13____ day of ____December____, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge